UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15-cr-215 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANUM OPINION AND |
| | ) | ORDER |
| SHARON WARD, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of *pro se* defendant Sharon Ward ("Ward") styled, "Motion for RRC Placement under the First Step Act and the Second Chance Act." (Doc. No. 32 ["Mot."], capitalization omitted.) Plaintiff United States of America (the "government") has not responded to the motion. For the reasons that follow, the motion is DENIED.

I. BACKGROUND

On October 15, 2015, the Court sentenced Ward to a term of imprisonment of 70 months, following her guilty plea to a two-count information charging Ward with health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, and aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1). (Doc. No. 18 (Judgment); Minutes 10/15/2015.) According to the website of the Bureau of Prisons ("BOP"), Ward's projected release date is August 3, 2022. *See* https://www.bop.gov/inmate/loc (last visited May 26, 2021).

By her motion, Ward requests that the Court "order" the BOP to provide her with a twelve (12) month placement at a Residential Reentry Center ("RRC"). (Mot. at 297.) She

maintains that she would benefit from an extended placement at an RRC to assist her in "reintergrat[ing] back into society." (*Id.*) She indicates that, upon release, her goals are to "repay her debt to society and to her victim[,]" and to "strengthen her family ties." (*Id.*) She lists the programming she has completed during her incarceration that she believes will help her attain her goals upon release. (*Id.*)

## II. DISCUSSION

At the outset, the Court observes that it appears from the BOP's website that Ward may already be housed in an RRC. *See* https://www.bop.gov/inmate/loc (listing Ward's location as "Cincinnati RRM"[1]) (last visited May 21, 2020). To the extent that Ward has already obtained RRC placement, her motion is DENIED as MOOT.

To the extent that Ward has yet to receive such placement and is requesting the Court to order such placement, the Court is without authority to grant such relief. The BOP, pursuant to 18 U.S.C. § 3624(c)(1) as amended by the Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008), may place an inmate in community confinement for no longer than twelve months at the end of his or her sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). While a court may make non-binding recommendations for placement in an RRC or home confinement, the BOP has the exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1–2 (W.D. Pa. Aug. 12, 2008).

The First Step Act modified § 3624 to further explain who was eligible for prerelease custody. Pub. L. No. 115-391, § 102. The Act elaborates on the risk reassessment levels needed

---

[1] RRM stands for Residential Reentry Management.

for a prisoner to be considered for prerelease custody. *Id.* It also details the types of prerelease custody, which include home confinement and placement in an RRC. *Id.* However, it did not modify the requirement that the BOP, not the Court, make the decision to place a prisoner on home confinement or in an RRC. *See* 18 U.S.C. § 3624(b)(1) & (c)(1); *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2006) (explaining that the BOP may consider placing a federal inmate in home confinement or an RRC). Further, the First Step Act did not alter the fact that the Second Chance Act does not guarantee RRC placement or home confinement, it only directs the Director of the BOP to consider it. *See Demis*, 558 F.3d at 514.

In short, the Court cannot order RRC placement. It is the BOP that must make the assessment and determine whether she is eligible at the end of her sentence, not the Court. Ward's motion under the First Step Act for an order directing the BOP to place her in an RRC, therefore, is DENIED.

But Ward appears to understand that the final authority to determine if placement in an RRC or home confinement is warranted rests with the BOP. (*Id.* [acknowledging that "the ultimate decision regarding [RRC] placement lives within the discretion of the" BOP].) The BOP's decision whether to place a prisoner in home confinement or in an RRC at the end of her sentence is guided by five factors set forth in 18 U.S.C. § 3621(b). One of those factors is any statement from the sentencing court. § 3621(b)(4). Accordingly, the sentencing court is permitted, where appropriate, to make a non-binding recommendation to the BOP, and the Court shall construe Ward's motion as also requesting a non-binding recommendation for RRC placement.

Ward offers no documentation related to the programming she has completed, and she fails to address whether she has been the subject of any prison disciplinary action during her incarceration. The Court, therefore, does not have sufficient information from which to make a well-informed recommendation. Because the BOP is in the best position to determine if an inmate is suitable for placement in a half-way house or an RRC, *see Martin v. United States*, No. 05-17, 2008 WL 3546433, at *2 (W.D. Pa. Aug. 12, 2008), and the Court does not have sufficient information in this instance to make a well-informed recommendation, the Court declines to make a recommendation regarding RRC placement or the advisability of home confinement.

### III. CONCLUSION

For the foregoing reasons, Ward's motion (Doc. No. 32) is DENIED.

**IT IS SO ORDERED**.

Dated: May 28, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**